NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARDEEP SINGH,<br><br>               Petitioner,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>               Respondent. | No. 16-72119<br><br>Agency No.<br>A205-586-797<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2025[**]
Pasadena, California

Before: M. SMITH, CHRISTEN, and FORREST, Circuit Judges.

Hardeep Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). "Where . . . the BIA agrees with the IJ's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018). We deny the petition.

1. ***Adverse Credibility.*** We review the agency's "factual findings, including adverse credibility determinations, for substantial evidence." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this standard, the agency's "findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006)). In the adverse-credibility context, "only the most extraordinary circumstances will justify overturning [the agency's] determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)). Additionally, "when an inconsistency is at the heart of the claim[,] it doubtless is of great weight." *Id.* at 1047.

The IJ's adverse-credibility determination was based on inconsistencies between Singh's testimony, his father's affidavit, and the Mann Party's letter that Singh submitted in support of his claims. Although Singh argues that the IJ improperly weighed attestations in Singh's father's affidavit, under the REAL ID Act, an IJ "may base a credibility determination on . . . the consistency of [the applicant's] statements with other evidence of record." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, Singh repeatedly testified that he was harmed by

Shiromani Akali Dal Party (Badal Party) members, but the affidavit stated and the letter suggested that he was harmed by Indian National Congress Party (Congress Party) members. The identity of the persecuting political party goes to the heart of Singh's asylum claim.

Singh contends that his opportunity to clarify this inconsistency was insufficient because the IJ did not "provide Singh an opportunity to ask his father to explain this discrepancy." While the IJ was required to provide Singh an opportunity to explain the inconsistency, that obligation extended only to Singh—not his father. *See Barseghyan v. Garland*, 39 F.4th 1138, 1143 (9th Cir. 2022) ("If the IJ relies upon purported inconsistencies to make an adverse credibility determination, the IJ must provide the noncitizen with an opportunity to explain each inconsistency . . . .").

Singh's testimony was also inconsistent with his father's affidavit as to the circumstances surrounding his visits to the police station. Singh argues that his father's affidavit is ambiguous as to which incident preceded the village respectables' visit to the police and that the IJ misread it to suggest that Singh and his father were accompanied by others after both the earlier attack at Singh's farm and the later public threat. Singh maintains that the IJ denied Singh an opportunity to clarify the ambiguity and relied on speculation. But his father's affidavit states, in relevant part, "Congress party members attacked on my son . . . ," and then

immediately continues that he and "some respectables of the Village went to the police Station to report the matter . . . ." In context, "the matter" can only be understood to refer to the beating. Regardless, even if the affidavit were ambiguous, Singh testified that only he and his father went to the police station after both the attack and the threat. And the IJ offered Singh an opportunity to clarify, which he did not. Substantial evidence thus supports the agency's adverse-credibility determination.

**2.** *Forfeiture.* Issues not "specifically and distinctly" argued in the opening brief are generally deemed forfeited. *Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022) (as amended) (quoting *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020)). Singh has forfeited any challenge to the IJ's finding that his other evidence was insufficient to meet his burden of proof on his asylum application. Singh has also forfeited any challenge to the agency's determination that he could not establish relief under CAT. Thus, the IJ's adverse-credibility finding is dispositive.

**PETITION DENIED.**